IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | | |
|---|---|---|---|
| FB ACQUISITION, LLC, | ) | | |
| | ) | | |
| Plaintiff, | ) | No.: | 1:17-cv-01076-JDB-egb |
| | ) | | |
| v. | ) | | |
| | ) | | |
| TENNESSEE BUSINESS AND INDUSTRIAL | ) | | |
| DEVELOPMENT CORPORATION, | ) | | |
| | ) | | |
| | ) | | |
| Defendant. | ) | | |
| | ) | | |

ORDER GRANTING DEFENDANT'S MOTION FOR
LEAVE TO FILE THIRD PARTY COMPLAINT

Before the Court is Defendant's Motion for Leave to File Third Party Complaint against

the United States Small Business Administration filed on September 29, 2017 (D.E. 26).

Plaintiff filed its original claim against Defendant on April 20, 2017 and Defendant answered on

June 14, 2017.  Plaintiff's claim is for breach of contract regarding a loan participation program.

Defendant avers that the addition of United States Small Business Administration ("SBA") is

necessary because SBA's actions proximately caused the alleged breach of contract by

Defendant, and, therefore is liable for at least a portion of any relief granted to Plaintiff, making

this addition best for judicial economy. Defendant alleges that SBA took over servicing the loan

at issue in Plaintiff's Complaint, with the task of remitting payments to Plaintiff. Further,

Defendant proposes that the addition of the SBA will not prejudice Plaintiff because formal

discovery has not begun.  Plaintiff has not responded to this motion, other than in the certificate

of consultation, stating Plaintiff opposed the filing.

The Federal Rules of Civil Procedure 14 allow a third-party complaint to be served by a

1

defending party upon a "nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1).   If a defendant attempts to file a third-party complaint more than 14 days after serving its answer, as in this case, the party must obtain leave from the court.  Fed. R. Civ. P. 14(a)(1).  This Rule allows "additional parties whose rights may be affected by the decision to be joined so as to expedite the final determination of the right and liabilities of all interested parties in one suit*." Am. Zurich Ins. Co. v. Cooper Tire & Rubber Co.*, 512 F.3d 800, 805 (6th Cir. 2008).  A defendant attempting to transfer the liability asserted against him by the original plaintiff to the third-party defendant is therefore the essential criterion of a third-party claim." *Id.*  Underlying Rule 14 is a desire "to promote economy by avoiding the situation where a defendant has been adjudicated liable and then must bring a totally new action against a third party who may be liable to him for all or part of the original plaintiff's claim against him." *Id.*

The Magistrate Judge agrees that SBA should be involved in this litigation as the servicer of a loan at the center of this claim.  If Defendant is found liable, Defendant would bring a new action against SBA, and, therefore, the principles of judicial economy and fundamental fairness direct that Defendant be permitted to file a third-party complaint.  Lastly, the Magistrate Judge finds that the addition will not unduly prejudice Plaintiff as the parties have not completed discovery.  Accordingly, Defendant's Motion for Leave to File Third Party Complaint is GRANTED.

IT IS SO ORDERED this 22nd day of November, 2017.

**s/Edward G. Bryant**
UNITED STATES MAGISTRATE JUDGE

2