IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

FB ACQUISITION, LLC,

     Plaintiff,

v.

TENNESSEE BUSINESS AND INDUSTRIAL        No. 1:17-cv-01076-JDB-jay
DEVELOPMENT CORPORATION,

     Defendant/Third-Party Plaintiff,

v.

UNITED STATES SMALL BUSINESS
ADMINISTRATION,

     Third-Party Defendant.

---

## ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This breach of contract action is before the Court on the motion of the Defendant, Tennessee Business and Industrial Development Corporation ("BIDCO"), for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure (Docket Entry ("D.E.") 141), to which Plaintiff, FB Acquisition, LLC ("FB Acquisition"), has responded (D.E. 145). For the reasons articulated herein, the motion is DENIED.

### STANDARD OF REVIEW

Rule 56 provides in pertinent part that the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The moving party bears the burden of showing that no genuine issues of material fact exist." *Williams v. Maurer*, ___ F.4th ___, 2021

WL 3629921, at *7 (6th Cir. Aug. 17, 2021) (quoting *Scott v. First S. Nat'l Bank*, 936 F.3d 509, 516-17 (6th Cir. 2019)).  A court is to "view the factual evidence in the light most favorable to the nonmoving party, and draw all reasonable inferences in that party's favor."  *Burwell v. City of Lansing, Mich.*, ___ F.4th ___, 2021 WL 3378936, at *3 (6th Cir. Aug. 4, 2021) (quoting *Slusher v. Carson*, 540 F.3d 449, 453 (6th Cir. 2008)).  "The ultimate question is whether the evidence presents a sufficient factual disagreement to require submission of the case to the [factfinder], or whether the evidence is so one-sided that the moving part[y] should prevail as a matter of law."  *Williams*, 2021 WL 3629921, at *7 (quoting *Payne v. Novartis Pharm. Corp.*, 767 F.3d 526, 530 (6th Cir. 2014)).

## GOVERNING LAW

To establish a breach of contract in Tennessee,[1] a plaintiff must demonstrate "(1) the existence of an enforceable contract, (2) non-performance amounting to a breach of the contract, and (3) damages caused by the breached contract."  *Franklin Am. Mort. Co. v. Univ. Nat'l Bank of Lawrence*, 910 F.3d 270, 281 (6th Cir. 2018) (citing *Nw. Tenn. Motorsports Park, LLC v. Tenn. Asphalt Co.*, 410 S.W.3d 810, 816-17 (Tenn. Ct. App. 2011)).

## BACKGROUND

The facts of this case are essentially undisputed.  In July 1999, BIDCO agreed to loan the amount of $1,000,000 (the "Loan") to Greystone Woods, LLC (the "Borrower").  The Loan was partially guaranteed by the Third-Party Defendant, the United States Small Business Administration (the "SBA").  On July 30, 1999, BIDCO and the Bank of Adamsville (the "Bank") entered into a Master Participation Agreement (the "Participation Agreement"), under which

---

[1]The Court has previously found that it has subject-matter jurisdiction over this matter and that Tennessee substantive law applies.

BIDCO conveyed to the Bank a twenty-five percent interest in the Loan.  Paragraph 6 of the document provided as follows:

> [BIDCO] shall be responsible for the collection of all payments due on the loan, together with monthly report of funds received and funds disbursed, including monthly disbursements to Bank for its interests in the loan.  Copies of the monthly reports shall be transmitted to Bank at the time disbursements are made to Bank.

(D.E. 1-3 ¶ 6.)  The contract further stated that the "participation shall be without recourse to [BIDCO], except for a violation by it of any of the terms and conditions of th[e] agreement, or any subsequent agreement as to the loan between the parties."  (*Id. ¶* 16.)

The Bank later merged with Community South Bank, which then became subject to a federal receivership under which the Federal Deposit Insurance Corporation (the "FDIC") was appointed receiver.  In an agreement dated April 10, 2014, the FDIC sold and assigned the Bank's former interest in the Participation Agreement to FB Acquisition.

In correspondence dated November 20, 2015, the SBA notified BIDCO that, pursuant to 13 C.F.R. § 120.535(d), the agency had elected to take over servicing of the Loan and required Defendant to assign the Loan to the SBA.  BIDCO complied.  After November 20, 2015, the Loan was serviced by the SBA, which collected all payments made by the Borrower.

In a letter dated July 7, 2016, the SBA noted that, prior to its election to service the Loan, BIDCO had received Loan payments from the Borrower but failed to remit the guaranteed share thereof to the SBA.  The agency advised in the communication that it would set off certain monies, including the unguaranteed shares of the Loan, and apply those funds to the unremitted guaranteed share payments.  Defendant did not contest the setoff as, pursuant to its own investigation of the matter, it determined that its chief financial officer at the time had failed to properly forward the Borrower's payments to the SBA.  On April 20, 2017, FB Acquisition brought the instant action against BIDCO based on the Participation Agreement.  (D.E. 1.)

On October 10, 2018, Plaintiff moved for summary judgment against BIDCO on the grounds that no genuine issue of material fact existed as to whether the elements of a breach of contract claim had been satisfied.  (D.E. 66.)  In response, Defendant focused on the second element—a breach.  During the briefing on its dispositive motion, FB Acquisition identified the breach as BIDCO's violation of Paragraph 6's clear and unambiguous language obligating Defendant to remit funds to the SBA.  In an order entered October 7, 2020, the Court, interpreting the four corners of the Participation Agreement in light of its plain meaning, concluded that Plaintiff could not establish that BIDCO's failure to remit payments to the SBA constituted a breach of the contract at issue, specifically Paragraph 6, and denied summary judgment in FB Acquisition's favor.  (D.E. 119.)

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

In the instant motion, filed April 14, 2021, Defendant submits that, because the Court in its October 7, 2020, order rejected Plaintiff's assertion that BIDCO's failure to remit funds to the SBA constituted a breach of Paragraph 6 of the Participation Agreement, it is now entitled to summary judgment in its favor.  By way of response, however, in an apparent disavowal of the position taken in its own Rule 56 motion, FB Acquisition now identifies the breach as BIDCO's failure to collect and remit the Borrower's payments to *Plaintiff* as required by Paragraph 6 of the Participation Agreement.  Defendant did not reply to Plaintiff's response and the time for making such a filing has expired.

Consequently, the Court is presented with two briefs espousing two different theories as to the nature of the alleged breach, neither of which in any sufficient way addresses the other, rather like the proverbial two ships passing in the night.  In light of the current posture of the case, the Court declines to issue a ruling in favor of the Defendant.  This matter will proceed to trial.

IT IS SO ORDERED this 7th day of September 2021.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE